**LEXICON LAW, PC**
John R. Habashy, Esq. (SBN 236708)
Tiffany N. Buda, Esq. (SBN 232679)
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Tel: (213) 223-5900
Fax: (888) 373-2107
*john@lexiconlaw.com*
*tiffany@lexiconlaw.com*

Attorneys for Plaintiff, John DiFlauro, Brian Martin and the Putative Class
*Additional Counsel on next page*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DIFLAURO, and BRIAN MARTIN individually and on behalf of a class of other similarly situated individuals,<br><br>*Plaintiffs*,<br><br>v.<br><br>BANK OF AMERICA, N.A., a North Carolina Corporation,<br><br>*Defendants*. | **CASE NO: 2:20-cv-05692-DDP-KS**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1. **BREACH OF CONTRACT**<br><br>2. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE [CAL. CIV. CODE §§ 1788 ET SEQ.]**<br><br>3. **UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200 et seq**<br><br>4. **VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT [CAL. CIV. CODE §§ 1770 ET SEQ.]**<br><br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED CLASS ACTION COMPLAINT | 1

**Additional Counsel for Plaintiff and the Putative Class:**

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com

Plaintiffs, JOHN DIFLAURO and BRIAN MARTIN ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), the California Unfair Competition Law ("UCL"), the Consumer Legal Remedies Act ("CLRA"), and breach of contract against Defendant Bank of America, N.A ("Defendant" or "BofA"), as follows:

## JURISDICTION AND VENUE

The Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs. The Court has personal jurisdiction over Defendants pursuant to 18 U.S.C. § 1965(b), (d) and Cal. Code Civ. P. § 410.10.

## NATURE OF THE ACTION

1. Although only a quarter of U.S. consumers had a home loan in 2019, mortgage debt is the largest of all the debt types by overall volume[1]. Overall, there was $9.6 trillion in total outstanding mortgage debt in 2019, up 14% or $1.2 trillion over the past decade.[2]

2. The word mortgage literally translates to "death pledge[3]" and it often feels as such to borrowers who struggle to pay each month. Such struggle is compounded when borrowers make their mortgage payments via automated phone system or online only to incur additional, illegal, charges ("Pay-to-Pay fees" or

---

[1] https://www.experian.com/blogs/ask-experian/research/consumer-debt-study/

[2] Id.

[3] https://www.businessinsider.com/mortgage-means-death-pledge-2016-3

FIRST AMENDED CLASS ACTION COMPLAINT | 3

"Speedpay fees").

3. BofA is a titan in the mortgage industry-- it is one the largest originators and services mortgages throughout the United States, including California. Despite its uniform contractual obligations to charge only fees explicitly allowed under the mortgage, applicable law, and only those amounts actually disbursed, BofA leverages its power and position by charging homeowners excessive fees of $6.00 or more for making their mortgage payments online or over the phone ("Pay-to-Pay Transaction"). Such fees are not expressly authorized in the terms of standard mortgage agreements utilized by BofA.

4. Such fees violate the RFDCPA, the UCL and the CLRA and breaches uniform covenants in mortgages by assessing fees to borrowers that are either not permitted by law or are expressly prohibited by their mortgage agreements.

5. Even if some fees were allowed, the mortgage uniform covenants allow BofA to pass along only the actual cost of fees incurred by it to the borrower – here only a few cents, if any cost at all.

6. BofA must be held accountable for its actions. It knowingly violated the RFDCPA rules by demanding excessive Pay-to-Pay fees, and breached mortgage contracts by charging fees not expressly allowed under the uniform contractual obligations contained in standard form mortgage agreements. Further, by unlawfully assessing such fees, BofA has engaged in unlawful, unfair and fraudulent business practices in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL") and has violated the CLRA.

7. On behalf of themselves and all others similarly situated, Plaintiffs seek injunctive, declaratory, and compensatory relief against BofA for its violation of the RDCPA, the CLRA, the UCL and breach of contract.

**PARTIES**

8. Plaintiff JOHN DIFLAURO ("Plaintiff DiFlauro") is a natural person who resides in Los Angeles County, State of California. Plaintiff John DiFlauro has

incurred and paid "Pay-to Pay" fees each time he has made a payment by via the web. For example, on at least June 17, 2019, September 16, 2019, November 18, 2019, January 16, 2020 and February 18, 2020, Plaintiff DiFlauro was assessed a "Mortgage Pay Fee-Web" in the amount $6.00. Plaintiff DiFlauro paid this fee. These fees were not authorized or disclosed in his agreement with BofA.

9. Plaintiff BRIAN MARTIN ("Plaintiff Martin") is a natural person who resides in Riverside County, State of California. Plaintiff Martin has incurred and paid "Pay-to Pay" fees each time he has made a payment by via the web. For example, on at least March 16, 2020, Plaintiff Martin was assessed a "Mortgage Pay Fee-Web" in the amount $6.00. Plaintiff Martin paid this fee. These fees were not authorized or disclosed in his agreement with BofA.

10. Defendant BANK OF AMERICA, N.A. is a federally-chartered national banking association with its principal place of business in Charlotte, North Carolina, and is an indirect, wholly owned subsidiary of Bank of America Corporation.

## APPLICABLE LAWS
## Background of the RFDCPA

11. The Rosenthal Act (or "RFDCPA") is "a remedial statute [that] should be interpreted broadly in order to effectuate its purpose." (*See People ex rel. Lungren v. Superior Court*, 14 Cal.4th 294, 313, 58 Cal.Rptr.2d 855, 926 P.2d 1042 (Cal. 1996) ("civil statutes for the protection of the public are, generally, broadly construed in favor of that protective purpose"); *Komarova v. National Credit Acceptance, Inc.*, 95 Cal.Rptr.3d 880, 892, 175 Cal.App.4th 324, 340 (Cal.App. 1 Dist. 2009).

12. BofA is a "debt collector" as defined by the Rosenthal as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. Cal. Civ. Code §1788.2(c).

13. Plaintiffs' mortgage loans area "consumer debt" as defined by the Rosenthal Act as "money, property or their equivalent, due or owing or alleged to be

due or owing from a natural person by reason of a consumer credit transaction." Cal. Civ. Code §1788.2(f).

14. Further, the Rosenthal Act defines "consumer credit transaction" as "a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." Cal. Civ. Code §1788.2(e).

15. The Rosenthal Act makes it illegal for any entity covered by it to violate the federal FDCPA. Cal. Civ. Code § 1788.17. By violating the FDCPA, BofA also violated the Rosenthal Act.

16. The Rosenthal Act prohibits "(b) Collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt expect as permitted by law." Cal. Civ. Code § 1788.14.

17. The Rosenthal Act also makes it illegal to represent that consumer debt "may be increased by the addition of … charge if, in fact, such fees and charges may not be legally added to the existing obligation." Cal. Civ. Code § 1788.13(e).

18. The Pay-to-Pay fees BofA charged are not authorized by any contractual existing obligation, i.e. Mr. DiFlauro's deed of trust – or, indeed, any standard deed of trust or mortgage.

19. Further, BofA represented to Mr. DiFlauro that the unlawful Pay-to-Pay fees may be assessed to his mortgage loan by adding these fees to his mortgage loan balance.

20. By assessing fees that in breach of Mr. DiFlauro's deed of trust and loan agreements, and in violation of the FDCPA and Rosenthal Act, BofA engaged in unlawful, fraudulent and unfair business practices in violation of the UCL.

## FACTUAL ALLEGATIONS

21. On or around May 26, 1999, Mr. DiFlauro executed a standard form mortgage agreement, i.e. deed of trust, to purchase his home in Los Angeles County,

California. The pending account originated on or around July 26, 2007, where Mr. DiFlauro executed a Deed of Trust and Mortgage note for approximately $337,000.

22. Shortly after, BofA acquired the servicing rights and in doing so, took assignment of rights on Plaintiff DiFlauro's loan. In doing so, BofA agreed to only collect fees authorized by the deed of trust and loan agreement.

23. BofA has collected several Pay-to-Pay fee from Plaintiff DiFlauro and when Plaintiff DiFlauro has made such payment, BofA charged him a fee of approximately $6.00 for each online payment. At the time that Plaintiff DiFlauro was assessed and paid such fees, his debt was due and owing. Thus, Plaintiff DiFlauro was the subject of debt collection activity.

24. On or around April 13, 2013, Plaintiff Martin executed a standard form mortgage agreement, i.e. deed of trust, to purchase his home in Riverside County, California. Shortly after, BofA acquired the servicing rights and in doing so, took assignment of rights on Plaintiff Martin's loan. In doing so, BofA agreed to only collect fees authorized by the deed of trust and loan agreement.

25. BofA has collected Pay-to-Pay fee from Plaintiff Martin and when Martin has made such payment, BofA charged him a fee of approximately $6.00 for each online payment.

26. As described herein, these fees are not authorized by the deeds of trust or the Loan Agreements. In addition, the RFDCPA prohibit charging Pay-to-Pay fees.

27. Further, even if a servicer had authorization to collect such a fee, mortgage servicers are prohibited from passing on to borrowers more than the servicer's out-of-pocket costs for providing the service.

28. On information and belief, which can be confirmed through review of Defendant's documents, BofA reaps substantial profits from imposing illegal Pay-to-Pay fees. It is believed that the cost of the Pay-to-Pay transactions is less than the amount charged and may even be zero, while it up-charges Plaintiff and others $6.00 - $12.00 or more per transaction.

FIRST AMENDED CLASS ACTION COMPLAINT | 7

29. BofA's demand for payment of Pay-to-Pay fees were a direct breach of Paragraph 13 of the Deed of Trust, "This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located." See Exhibit 1, ¶13. BofA's collection of Pay-to-Pay fees violated the FDCPA and Rosenthal Act.

30. If BofA is allowed to collect a fee under the auspice that it is a "default related fee", BofA's demand for payment of Pay-to-Pay fees were a direct breach of Paragraph 9 of the Deed of Trust, "Fees and Costs" section, stating that only "…reasonable expenses as allowed by law…" See Exhibit 1, ¶9. BOFA collected more than the amount it disbursed to process the Pay-to-pay transactions and their conduct violates the Rosenthal Act and FDCPA.

31. BOFA demand for payment of Pay-to-Pay fees were in direct breach of the Deed of Trust (and Mortgage agreement), Under the "Governing Law" section, which states that: "This Deed of Trust shall be governed by and construed in accordance with Federal law and, to the extent Federal law doesn't apply, the laws of the State of California."  See Exhibit 2 (Martin Deed) at ¶16.)

32. By charging Pay-to-Pay fees, BofA has violated the "Governing Law" provision. Charging Pay-to-Pay fees violates the RFDCPA because the Mortgage Agreement does not expressly allow BofA to charge Pay-to-Pay fees. See 15 U.S.C. § 1692f (making it illegal to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law"); Cal. Civ. Code § 1788.13(e) (making it illegal to falsely represent that consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not be legally added to the existing obligation"). See also *Sanders v. LoanCare LLC*, No. 18-CV-09376, 2019 WL 441964, at *2 (C.D. Cal. Feb. 1, 2019) (holding that loan servicer's practice of assessing fees not expressly authorized by the plaintiff's mortgage violated the RFDCPA and FDCPA); *Bagdasaryan v. Bayview Loan*

*Servicing*, LLC, No. CV 14-06691 SJO (VBKx), 2015 WL 13665037, at *13 (C.D. Cal. Oct. 19, 2015) (allegation that mortgage servicer charged improper fees to mortgage stated a claim under Cal. Civ. Code § 1788.13(e)). By violating federal law and the law of California, BofA has not only violated those statutes, but also breached the Mortgage Agreement.

33. Because the "Governing Law" (¶13) "provision is contained in BOFA's standardized form document, BofA has breached its contract on a class-wide basis.

## CLASS ACTION ALLEGATIONS

34. Plaintiffs bring this action under Federal Rule of Civil Procedure 23 on behalf of the following classes of persons (the "Classes"), subject to modification after discovery and case development:

> **Nationwide Breach of Contract Class ("The Breach of Contract Class"):** All persons in the United States who were borrowers on residential mortgage loans to which BOFA acquired servicing rights and paid a fee to BOFA for making a loan payment by telephone, IVR, or the internet, during the applicable statutes of limitations for Plaintiff's breach of contract claim through the date a class is certified.
>
> **California Sub-Class ("The California Class"):** All persons with a California address who were borrowers on residential mortgage loans to which BOFA acquired servicing rights and paid a fee to BOFA for making a loan payment by telephone, IVR, or the internet, during the applicable statutes of limitations for Plaintiff's RFDCPA claim through the date a class is certified.

35. Class members are identifiable through Defendant's records and payment databases.

36. Excluded from the classes are the Defendant, any entities in which it has a controlling interest, including subsidiaries and affiliates, and its agents and

employees; all persons who make a timely election to be excluded from the proposed Class(es); governmental entities; and any Judge to whom this action is assigned and any immediate family members thereof.

37. Plaintiffs reserve the right to modify or amend the Class definition(s) before the Court determines whether certification is appropriate.

38. Representative Plaintiffs propose that they serve as class representatives.

39. Representative Plaintiffs and the Class have all been harmed by the actions of Defendant.

40. Numerosity is satisfied. According to BofA's servicing records there are thousands of class members. Individual joinder of these persons is impracticable.

41. There are questions of law and fact common to Representative Plaintiffs and to the Class, including, but not limited to:

   a. Whether BofA assessed Pay-to-Pay fees on Class members;
   b. Whether BofA breached its contracts with borrowers by charging Pay-to-Pay fees not authorized by their mortgage agreements.
   c. Whether BofA violated the RFDCPA by charging Pay-to-Pay fees not due;
   d. Whether BofA violated the UCL;
   e. Whether BofA violated the CLRA;
   f. What is the proper method or methods by which to measure damages caused by BofA's breaches of the standard terms of theSecurity Instruments;
   g. Whether BofA's cost to process Pay-to-Pay Transactions is less than the amount that it charges for Pay-to-Pay fees;
   h. Whether Plaintiffs and the Classes were damaged by BofA's conduct;
   i. Whether Plaintiffs and the Classes are entitled to actual and /or statutory damages as a result of BOFA's actions;

      j.   Whether Plaintiffs and the Classes are entitled to restitution;

      k.   Whether Plaintiffs and the Classes are entitled to attorney's fees and costs.

42. Plaintiffs' claims are typical of the claims of the Class members. Plaintiffs have no interests antagonistic to those of the Classes, and BofA has no defenses unique to Plaintiffs. BofA charged Plaintiffs Pay-to-Pay fees in the same manner as the rest of the Class members. Mr. DiFlauro and the Class members entered into uniform covenants in their Mortgage Agreements that prohibit Pay-to-Pay charges or, at most, cap the amount of Pay-to-Pay fees allowed to be charged at the actual amount disbursed by BofA to process Pay-to-Pay Transactions.

43. Plaintiffs are adequate class representatives because their interests do not conflict with the interests of the class members and they will adequately and fairly protect the interests of the class members. Plaintiffs have taken actions before filing this amended complaint, by hiring skilled and experienced counsel, and by making a pre-suit demand on behalf of class members to protect the interests of the class, and who intend to prosecute this action vigorously.

44. Plaintiffs have hired counsel that is skilled and experienced in class actions and are adequate class counsel capable of protecting the interests of the class members.

45. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

46. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

///

///

///

# COUNT 1

## Breach of Contract

**(On Behalf of Plaintiff and the Nationwide Breach of Contract Class)**

47. All previous paragraphs are hereby incorporated by reference as if set forth at length.

48. Plaintiffs executed standardized deeds of trust. Shortly thereafter, BofA became the servicer of their mortgages, and it became a party to their Mortgage Agreements. Thus, BOFA entered into the Mortgage Agreement with Plaintiffs whereby money was lent to Plaintiffs in exchange for certain payment over time.

49. BofA's demand for Pay-to-Pay fees is also a direct breach of Paragraph 13 of the Mortgage Agreement, "Governing Law." Paragraph 1 states that the Deed of Trust "shall be governed by Federal law and the law of the jurisdiction in which the Property is located," i.e., California. See, e.g. Exhibit 2 ¶ 16. Charging Pay-to-Pay fees violates the Federal FDCPA and the RFDCPA because the Mortgage Agreement does not expressly allow BofA to charge Pay-to-Pay fees. See 15 U.S.C. § 1692f (making it illegal to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law"); Cal. Civ. Code § 1788.13(e) (making it illegal to falsely represent that consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not be legally added to the existing obligation").

50. By violating the Federal FDCPA and the RFDCPA, BofA violated the Governing Law and breached the Mortgage Agreement, as well FHA rules and guidelines.

51. Plaintiff and the California Breach of Contract Class members were harmed in this breach.

# COUNT II

## Violation of the Rosenthal Fair Debt Collection Practices Act

## Cal. Civ. Code §§ 1788 et seq. (RFDCPA)

### (On behalf of Plaintiff and the California RFDCPA Sub-Class)

52. All previous paragraphs are hereby incorporated by reference as if set forth at length.

53. The RFDCPA applies to BofA because it regularly engages in debt collection as defined by the statute. Cal. Civ. Code § 1788.2.

54. By charging the Pay-to-Pay fee, a portion of which it retains, if not the entire amount, BofA acted in violation of the federal Fair Debt Collection Practices Act, which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

55. The Mortgage Agreements of Plaintiffs and the Nationwide Class members do not expressly authorize BofA to collect Pay-to-Pay fees. At most, the Mortgage Agreements permit BofA to collect the actual amount disbursed to process the Pay-to-Pay transactions.

56. Although the Mortgage Agreement do not expressly authorize collection of Pay-to-Pay fees, BofA collected such fees anyway.

57. In doing so, BofA violated 15 U.S.C. § 1692f.

58. The RFDCPA makes it illegal for any entity covered by the RFDCPA to violate the federal FDCPA Cal. Civ. Code § 1788.17. By violating the FDCPA, BofA violated the RFDCPA.

59. The RFDCPA also makes it illegal to represent that consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not be legally added to the existing obligation." Cal. Civ. Code § 1788.13(e).

///

60. By assessing Pay-to-Pay fees, BofA represented that the mortgage loans of the Plaintiff and the California Subclass and that their debts may be increased by the addition of the Pay-to-Pay fees, even though Pay-to-Pay fees may not be legally added to the existing obligation.

61. This conduct violated Civil Code § 1788.13.

62. As a result of each and every violation of the RFDCPA, Plaintiffs and the California Class Members are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a), statutory damages for a knowing or willful violation in the amount up to $1,000 pursuant to California Civil Code § 1788.30(b), and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from BofA.

## COUNT III

### Violation of the "Unlawful" Prong of the UCL

### (On behalf of Plaintiff and the California UCL Sub-Class)

63. All previous paragraphs are hereby incorporated by reference as if set forth at length.

64. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice. Cal. Bus. & Prof. Code § 17200.

65. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

66. As described in detail above, BofA's conduct described herein violates the RFDCPA. These violations are sufficient to support Plaintiff's claim under the unlawful prong of the UCL.

67. As a result of the conduct above, BofA has been unjustly enriched at the expense of Plaintiff and members of the California class. Specifically, BofA has been unjustly enriched by obtaining revenues and profits that it would not have otherwise obtained absent its false, misleading and deceptive conduct.

68. Through its unlawful acts and practices, BofA has improperly obtained money from Plaintiffs and the California class. As such, Plaintiffs requests that the

Court cause BofA to restore the money to Plaintiffs and the California Class members, and to enjoin BofA from continuing to violate the UCL in the future. Otherwise, Plaintiff and the members of the California Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## COUNT IV

### Violation of the CLRA

**(On behalf of Plaintiff and the California Sub-Class)**

69. All previous paragraphs are hereby incorporated by reference as if set forth at length.

70. This cause of action is brought pursuant to California *Civil Code* § 1750, *et seq.*, the Consumers Legal Remedies Act.

71. Plaintiffs, as well as each member of the California Subclass, constitutes a "consumer" within the meaning of California *Civil Code* § 1761(d).

72. Defendant's acceptance of payment to may online or telephone payments constitutes "transactions" within the meaning of California *Civil Code* § 1761(e).

73. The "pay-to-pay" services provided by BofA constitute "services" under California *Civil Code* § 1761(a) and (b).

74. The policies, acts, and practices heretofore described were intended to result in the sale of services to the consuming public and violated and continue to violate Section 1770(a)(7) of the Act, which prohibits, "[r]epresenting that goods or services are of a particular standard, quality, grade, or that goods are of a particular style or model, if they are of another," Section 1770(a)(14), which prohibits, "[r]epresenting that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law," and Section 1770(a)(19) which prohibits, "[i]nserting an unconscionable provision in the contract.

75. BofA fraudulently deceived Plaintiffs and the Class. In doing so, BofA intentionally misrepresented and concealed material facts from Plaintiffs and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiffs and the Class and depriving them of their legal rights and money.

76. BofA's actions as described hereinabove were done with conscious disregard of Plaintiffs' rights and the right of the California Class and BofA's actions were wanton and malicious in their concealment of the same.

77. Pursuant to § 1780(a) of the Act, Plaintiffs seek injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of BofA including, but not limited to, an order enjoining BofA from charging the "pay-to-pay" fees. Plaintiffs shall be irreparably harmed if such an order is not granted.

78. Pursuant to Civil Code §1782, Plaintiffs will give BofA notice by letter, by certified mail, of the particular violations of Civil Code § 1770. The Notice will request that BofA rectify the problems associated with the actions alleged in this Complaint, and give notice to all affected consumers of its intent to so act.

79. On June 23, 2020, Plainiffs provided Defendant notice pursuant to California *Civil Code* 1782(a).

80. BofA has failed to provide appropriate relief for their violations of the CLRA within 30 days of their receipt of the CLRA Demand Notice. Accordingly, pursuant to Sections 1780 and 1782(b) of the CLRA, Plaintiffs and the putative class are entitled to recover actual damages, punitive damages, attorneys' fees and costs, and any other relief the Court deems proper.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and others similarly situated, respectfully requests that the court:

    a. Certify the proposed Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Award damages, including compensatory and exemplary damages, to Plaintiffs and the Classes in an amount to be determined at trial;

c. Award statutory damages and/or penalties to Plaintiffs and the proposed Classes;

d. Permanently enjoin BofA from the wrongful and unlawful conduct alleged herein;

e. Award Plaintiffs and the proposed Class(es) and Sub-class(es) members their expenses and costs of suit, including reasonable attorney's fees to the extent provided by law.

f. Award pre- and post-judgment interest to the extent provided by law; and;

g. Award such further relief as the Court deems appropriate.

DATED: September 21, 2020   **BRADLEY/GROMBACHER, LLP**
**LEXICON LAW, PC**

By: */s/ Kiley Lynn Grombacher*
Marcus J. Bradley, Esq.
Kiley Lynn Grombacher, Esq.
John R. Habashy, Esq.
Tiffany N. Buda, Esq.
*Attorneys for Plaintiffs*

## DEMAND FOR JURY

Plaintiffs demand a jury on all issues so triable.

DATED: September 21, 2020   **BRADLEY/GROMBACHER, LLP**
**LEXICON LAW, PC**

By: */s/ Kiley Lynn Grombacher*
Marcus J. Bradley, Esq.
Kiley Lynn Grombacher, Esq.
John R. Habashy, Esq.
Tiffany N. Buda, Esq.
*Attorneys for Plaintiffs*