# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JOHN DIFLAURO, and BRIAN MARTIN individually and on behalf of a class of other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A., a North Carolina Corporation,<br><br>Defendant. | CASE NO. 2:20-cv-05692 DSF (SKx)<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE (Dkts. 60, 65)** |

    This matter came before the Court for hearing pursuant to the Order of this Court dated July 1, 2022, on the application of the Parties for approval of the Settlement as set forth in the Settlement Agreement and Release dated May 26, 2022, (the "Agreement"). On July 1, 2022, this Court granted preliminary approval to the proposed class action settlement set forth in the Agreement between John DiFlauro and Brian Martin (the "Class Representatives"), individually and as class

representatives on behalf of the Class, and Defendant Bank of America, N.A. ("BANA") (collectively the "Parties"). This Court also provisionally certified the Class for settlement purposes, approved the procedure for giving Class Notice to members of the Class, and set a Final Approval Hearing to take place on December 12, 2022. The Court finds that due and adequate notice was given to the Settlement Class as required in the Court's Order.

The Court has reviewed the papers filed in support of the Motion for Final Approval, including the Settlement Agreement and exhibits thereto, memoranda, and arguments submitted on behalf of the Settlement Class, and supporting affidavits.

On December 12, 2022, this Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Settlement Class Members' Released Claims on the merits and with prejudice; (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel; and (4) any award to the Class Representatives for their representation of the Class.

Based on the papers filed with the Court and the presentations made to the Court by the Parties at the Final Approval Hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:**

1. **Definitions.** This Judgment incorporates by reference the definitions in the Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Agreement.

2. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class, and venue in this Court is proper.

3. **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

4. **Settlement Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finally certifies this Action as a class action, with the Class defined as the collective group of all persons who have or had a California address, and at any time between June 1, 2016 and the date of the Court's order preliminarily approving the settlement, paid at least one transaction fee to BANA for making a payment on a residential mortgage loan serviced by Bank of America, N.A. by telephone, IVR, or the internet.

The Court finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate in that, in the settlement context: (a) the Members of the Settlement Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives will fairly and adequately represent and protect the interests of the Settlement Class Members because their interests are co-extensive with those of the Settlement Class Members, and they have retained experienced counsel to represent them and the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. **Designation of Class Representatives and Class Counsel.** The Court confirms the prior appointments of the Plaintiffs John DiFlauro and Brian Martin to serve as Class Representatives and counsel of record representing the Class Representatives in the Action as Class Counsel.

6. **Settlement Approval.** Pursuant to Federal Rule of Civil Procedure 23, this Court approves the Settlement set forth in the Agreement and finds that the

Settlement is, in all respects, fair, reasonable, and adequate to the Parties. The Court further finds that the Settlement set forth in the Agreement is the result of a good faith, arm's-length negotiation between experienced counsel representing the interests of the Parties, with the assistance of the Honorable Judge Bruce A. Friedman (ret.) through mediation. Accordingly, the Settlement embodied in the Agreement is finally approved in all respects, there is no just reason for delay, and the parties are directed to perform its terms.

7. **Dismissal with Prejudice.** Final Judgment is entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims in the Action are dismissed in their entirety with prejudice and without costs. All claims in the Action are dismissed with prejudice. Nothing herein is intended to waive or prejudice the rights of the Class Members who have timely excluded themselves from the Class, as identified on Attachment 5 to dkt. No. 65-1.

8. **Releases.** The releases as set forth in Section 10 of the Agreement together with the definitions in Sections 1.31-1.33 and 1.41 relating thereto are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court approves the release provisions as contained and incorporated in Section 10 of the Agreement, including but limited to, the definitions of Released Claims, Releasors, Releasees, and Unknown Claims. The Releasors shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Releasees.

9. **Permanent Injunction.** The Releasors, including the Class Representatives and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims.

**10.     Approval of Class Notice.** The form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of the proceedings and the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

**11.     Attorneys' Fees and Expenses.** Plaintiffs and Class Counsel have moved for an award of attorney's fees, costs, and expenses. The Court has considered this application separately from this Judgment. The Court finds that an award of $499,054.13 in attorney's fees, costs, and expenses[1] is fair and reasonable, and the Court approves of Class Counsel's attorney's fees, costs, and expenses in this amount. The Settlement Administrator shall withhold 10% of the above-stated attorney's fees until further order of this Court.  When Class Counsel provides a declaration stating that all other terms of the settlement have been implemented, as well as a proposed order releasing the remainder of the fees award, the Court will issue an order releasing the remainder of the funds.

**12.     Class Representatives Service Payments.** The Court further finds that a service payment for Class Representatives John DiFlauro and Brian Martin in the amount of $1,500 each, is fair and reasonable, and the Court therefore awards these

---

[1] The Court finds the Ninth Circuit's 25% benchmark is appropriate.  It therefore makes no findings concerning the hours reasonably spent or the reasonableness of any claimed hourly rates.  The Court deducted the costs and expenses from the gross settlement amount before calculating the 25% fee award.

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

amounts.[2] The Court directs the Settlement Administrator to disburse these awards to Mr. DiFlauro and Mr. Martin as provided in the Settlement Agreement.

13. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of BANA. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

14. **Continuing Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order.

15. **Termination of Settlement.** In the event that the Settlement does not become effective in accordance with the terms of the Agreement, or the Agreement is terminated pursuant to Section 13 of the Agreement, the Parties shall be restored to their respective positions in the Action prior to the execution of the Agreement, the certification of the Settlement Class shall be automatically vacated, and this Judgment

---

[2] Virtually no description of the services actually performed has been provided. It appears that neither was deposed, attended a settlement conference, or spent any significant amount of time on this matter. The Court finds there was little or no realistic risk that the Class Representatives would suffer any of the potential consequences described.

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

shall be rendered null and void (except Paragraph 13 of this Order shall remain in effect) to the extent provided by and in accordance with the Agreement and shall be vacated and, in any such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

16. **Implementation of the Agreement.** The Parties are authorized to implement the terms of the Agreement.

17. **Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

18. **Class Action Fairness Act (CAFA) Notice.** BANA has provided notification through the Settlement Administrator to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

19. **Class Notice List.** No later than 30 days after the Effective Date (as defined in the Agreement), the Settlement Administrator shall file with this Court, under seal pursuant to the Protective Order entered in this litigation (in order to protect the names, addresses and other personal information of Class Members), a list of the names and addresses of all Members of the Class to whom Class Notice was sent.

20. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Order and Final Judgment.

IT IS SO ORDERED.

DATED: December 19, 2022

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE